**XIAO DI YANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–6486–ag.

United States Court of Appeals, Second Circuit.

May 7, 2007.

H. Raymond Fasano, Donald F. Madeo, New York, New York, for Petitioner.

Jeffrey A. Taylor, United States Attorney for the District of Columbia, Madelyn Johnson, Michelle N. Johnson, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Di Yang, a native and citizen of the People's Republic of China, seeks review of a November 7, 2005 order of the Board of Immigration Appeals ("BIA") affirming the May 26, 2004 decision of Immigration Judge ("IJ") Philip J. Montante, Jr. denying Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Di Yang,* No. A 95 476 697 (B.I.A. Nov. 7, 2005), *aff'g,* No. A. 95 476 697 (Immig. Ct. Buffalo May 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA adopted the IJ's opinion "to the extent" that it was based on an adverse credibility finding. Thus, we review only that finding and do not reach that portion of the IJ's decision that can be construed as an alternative burden of proof finding. As to the adverse credibility finding, we review both the IJ's and BIA's decisions. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Here, substantial evidence supports the IJ's determination that Yang was not credible. The IJ was troubled by Yang's testimony, which he found to be "rambling, disjointed and fragmented." *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005) (particular deference given to the trier of fact's assessment of demeanor). More-

over, Yang failed to include in his asylum application any mention of his wife's alleged forced abortion, a material omission and inconsistency that went to the heart of his claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). The sincerity of Yang's claimed fear of the Communist Party was undermined by the fact that he was permitted to enroll in a military college and eventually became an instructor and Party member. Yang testified that the Party appeared more interested in his abilities as an instructor, rather than his ideology, when he was hired. In addition, the IJ correctly found it implausible that Yang would willingly present a passport with his actual name and photograph on it to Chinese officials if he truly feared persecution by them.

■ The asylum claim was thus properly denied. Because Dong makes no independent argument with respect to the denial of his claims for withholding of removal and CAT relief, those claims are deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

■ Finally, we reject Yang's due process argument with respect to the manner in which the IJ conducted the hearing. In the asylum context, due process requires that an applicant receive a "full and fair opportunity to present h[is] claims." *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104 (2d Cir.2006) (internal citations omitted). In addition, displays of hostility and bias may provide a ground for remand or reassignment to a different IJ. *See Guo–Le Huang v. Gonzales,* 453 F.3d 142, 150–51 (2d Cir.2006). Here, however, the IJ did not display any hostility, prejudice or bias toward Yang. Rather, the IJ was concerned that Yang's counsel was eliciting testimony about events that were not relevant to Yang's claims. The IJ, at no point, sought to preclude testimony; indeed, Yang was permitted to testify as to both his Falun Gong and family planning claims. However, after repeated admonishment by the IJ to focus the testimony on relevant events, the IJ properly brought the lengthy proceeding to a close. *Cf. Kerciku v. INS,* 314 F.3d 913, 918 (7th Cir.2003) (error where IJ precluded entire portions of testimony). To the extent that Yang contends that the IJ erred in excluding his untimely submitted documents, such an argument is similarly unavailing. The IJ noted that the untimely submission violated the court's local rules and that at least some of the documents had been available prior to the time of the hearing.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).